# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO F CARTER, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-10-0728 |
| v. : | |
| : | (Judge Caputo) |
| COMMONWEALTH OF PA, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

## I. Introduction

On April 6, 2010, Petitioner Alfonso F. Carter, an inmate presently confined at FCI-Oxford, Oxford, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, Pet.) Therein, he attacks a Dauphin County Court of Common Pleas, Pennsylvania, January 12, 1999, conviction for the possession with the intent to manufacture or deliver a controlled substance, 35 Pa.C.S. § 780-113(a)(30).

The Court undertook a preliminary review of the Petition as mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and believed it subject to summary dismissal as time-barred. 28 U.S.C. § 2244(d); *see Day v. McDonough*, 547 U.S. 198, 209-210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) (district court are authorized to consider *sua sponte*, the timeliness of a state prisoner's habeas petition, but must accord the parties fair notice and an opportunity to present their positions); *see also U.S. v. Bendolph,* 409 F.3d 155, 169 (3d Cir. 2005)(en

banc)(before addressing the merits of a state inmate's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)). On April 14, 2010, the Court notified the parties of our concerns and provided them with an opportunity to address the timeliness issue. (Doc. 5.) While the Respondents filed a response to the Court's order (doc. 6), Mr. Carter did not. The limitations issue, raised *sua sponte* by the Court, has been briefed by the parties, is ripe for review.

## II.     Background

Alfonso Carter is presently serving a 5 to 10 year sentence following a January 12, 1999, conviction for the possession with the intent to manufacture or deliver a controlled substance, 35 Pa.C.S. § 780-113(a)(30).[1] On October 22, 1999, the Superior Court of Pennsylvania affirmed the judgement and conviction on direct appeal. *See Commonwealth v. Carter*, 748 A.2d 767 (Pa. Super. Oct. 22, 1999)(Table, No. 330 MDA 99).[2] He did not file a petition for review with the

---

[1] The Court takes judicial notice of Court of Common Pleas Dauphin County docket sheet in Mr. Carter's criminal conviction: *Commonwealth v. Carter*, CP-22-CR-0001683-1998, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[2] For the convenience of the reader of this Memorandum/Opinion in electronic format hyperlinks to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

Pennsylvania Supreme Court or seek certiorari with the United States Supreme Court.

On September 11, 2000, Mr. Carter filed a petition for post-conviction relief with the Dauphin County Court of Common Pleas pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9501-9546. The PCRA petition was denied on May 29, 2002. However, on October 29, 2004, the Superior Court of Pennsylvania reversed the denial of the PCRA petition and remanded the matter for a new trial. *See Commonwealth v. Carter*, 861 A.2d 957 (Pa. Super. 2004). Upon petition by the Commonwealth, the Pennsylvania Supreme Court granted review on June 28, 2005. *See Commonwealth v. Carter*, 583 Pa. 678, 877 A.2d 459 (2005)(Table, No. 1068 MAL 2004). The Pennsylvania Supreme Court held that "the Superior Court erred in reversing the denial of PCRA relief," and reversed the Superior Court's order and remanded to the Superior Court for consideration of Mr. Carter's "open PCRA issues." *Commonwealth v. Carter*, 593 Pa. 562, 575-76, 932 A.2d 1261, 1269 (2007). On remand, the Superior Court affirmed the dismissal of Mr. Carter's collateral petition. *See Commonwealth v. Carter*, 953 A.2d 595 (Pa. Super. 2008)(Table, No. 912 MDA 2002). Alfonso Carter's appeal to the Pennsylvania Supreme Court was denied on September 18, 2008. *See Commonwealth v. Carter*, 599 Pa. 686, 960 A.2d 836 (2008)(Table, No. 253 MAL 2008). The United States Supreme Court denied his petition for writ of certiorari on April 20, 2009. *See* Commonwealth v. *Pennsylvania,* ___ U.S. ___, 129 S.Ct. 2005, 173 L.Ed.2d 1101 (2009).

On April 6, 2010, Mr. Carter filed the instant 2254 petition.

## III. Discussion

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

The one-year federal limitations period is subject to both statutory and equitable tolling. First, statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.*, § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). Furthermore, a state court's determination that the petition was untimely is conclusive on a federal habeas court. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its

timeliness ruling was 'entangled' with the merits.") (internal quotations omitted). Next, the United States Supreme Court allows for equitable tolling of the limitations period where the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, ___ L.Ed.2d ___ (2010) ; *see also Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998)(same).

Applying these principles here indicates the 2254 petition is untimely. Mr. Carter's conviction was final on November 22, 1999,[3] and the federal limitations period expired one year later, or on November 22, 2000, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations began to run on that date, and ran for 294 days until it was tolled on September 11, 2000, when he filed his timely PCRA petition.[4] The limitations period began to run once again on September 18, 2008, when the Superior Court of Pennsylvania affirmed the entry of dismissal,[5] and

---

[3] Alfonso Carter's conviction was affirmed on direct appeal on October 22, 1999. *See Commonwealth v. Carter*, 748 A.2d 767 (Pa. Super. Oct. 22, 1999)(Table, No. 330 MDA 99). He did not file an appeal to the Pennsylvania Supreme Court. Therefore, his judgement of conviction became final 30 days later on November 22, 1999, when the time frame for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa. R. App. P. 113(a).

[4] State law is similar to federal law in allowing a PCRA petitioner one year to file a PCRA petition from the date the judgment becomes final, generally defined as the conclusion of direct review, including discretionary review in higher courts, or the expiration of the time for seeking such review. *See* 42 Pa. C.S. § 9545(b)(1) and (3).

[5] In a post-conviction petition, the limitations period is not tolled for the ninety days that a state inmate has to apply for writ of certiorari from the Pennsylvania Supreme Court's denial of review. *Stokes v. Dist. Attorney of County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). Additionally, the period is not tolled for the period of time the United States Supreme Court considers a petition for writ of certiorari until it is denied. *See Lawrence v.*

with 71 days remaining.  The AEDPA one-year limitations period expired on November 28, 2008.  The instant petition was filed on April 6, 2010, well beyond the AEDPA's one-year deadline.  Hence it is time-barred.

As Respondent point out, Mr. Carter has not argued that he was actively mislead or that anyone prevented him from asserting his right to file a habeas petition.  The fact that he erroneously believed the limitations period was tolled during the pendency of his petition to the United States Supreme Court for writ of certiorari and consequently erred in calculating the applicable federal habeas one-year limitations period based on this mistaken assumption, while regrettable, does not rise to the level of an extraordinary circumstance required for equitable tolling of the limitations period for the approximate 494 days his petition is tardy.  *See Lawrence,* 549 U.S. at 336-37, 127 S.Ct. at 1085; *see also Holland,* ___ U.S. at ___, 130 S.Ct. at 2562.

## IV. Conclusion

The Court will issue an Order denying Alfonso Carter's § 2254 petition as untimely.  The Court will also deny a certificate of appealability, based on the above analysis.  However, Mr. Carter is advised that he has the right for thirty (30) days to appeal our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability

---

*Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083, 166 L.Ed.2 924 (2007).

from the court of appeals.  *See* Fed. R. App. P. 22;  28 U.S.C. § 2253(a).

    An appropriate order will issue.

                                 **/s/ A. Richard Caputo**
                                 **A. RICHARD CAPUTO**
                                 **United States District Judge**

**Date: August 30, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO F CARTER, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-10-0728 |
| v. | : |
| | : (Judge Caputo) |
| COMMONWEALTH OF PA, | : |
| Respondents | : |

## O R D E R

**AND NOW**, this **30th** day of **AUGUST, 2010,** it is ordered that:

1. The petition (doc. 1) for writ of habeas corpus under 28 U.S.C. § 2254 is denied as untimely.

2. A certificate of appealability is denied.

3. The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**